01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FLOYD EDWARD KOONTZ,              )    CASE NO. C05-1119-TSZ-MAT
                                 )
          Plaintiff,             )
                                 )    ORDER DISMISSING CERTAIN
     v.                          )    DEFENDANTS AND SERVING
                                 )    OTHERS WITH COMPLAINT IN
REED HOLTGEERTS, et al.,          )    §1983 ACTION
                                 )
          Defendants.            )
_____  )

        Plaintiff is currently incarcerated in the Regional Justice Center ("RJC") in Kent, Washington. On June 20, 2005, plaintiff submitted a proposed complaint in this action pursuant to 42 U.S.C. § 1983. On July 26, 2005, the court issued an Order granting plaintiff leave to amend his complaint to correct several deficiencies. (Doc. #7). On August 19, 2005, plaintiff filed an amended complaint. (Doc. #8). Having reviewed the amended complaint and the balance of the record, the court does hereby find and Order as follows:

        (1)     In the amended complaint, plaintiff alleges that prison officials have failed to alter his diet to accommodate both his religious and health-related needs. (Doc. #8 ). As plaintiff was previously advised in the court's Order Granting Leave to Amend, in order to sustain a cause of action under 42 U.S.C. §1983, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9 th Cir. 1981). Plaintiff has failed to comply with this requirement regarding three defendants named in his original complaint: defendants Myers, Hayes, and Sanders. Accordingly, plaintiff's claims against these defendants are DISMISSED.    ( 2 )

        In his amended complaint, plaintiff attempts to add two defendants: the kitchen

ORDER DISMISSING CERTAIN DEFENDANTS AND
SERVING OTHERS WITH COMPLAINT IN §1983 ACTION
PAGE -1

01  supervisor, Gary Kelly, and a nurse named Della Lorenzen.  (Doc. #8 at 1).  Although the

02  amended complaint states a valid claim against Kelly, plaintiff fails to allege that Lorenzen did

03  anything other than approve his requested diet.  (*Id.* at 2).  Accordingly, plaintiff's claim against

04  Della Lorenzen is DISMISSED.

05      (3)    In his original complaint, plaintiff names Judy Hobdy as a defendant.  (Doc. #6).

06  However, plaintiff fails to allege that Hobdy caused or personally participated in causing the harm

07  alleged in the complaint.  Accordingly, plaintiff's claim against Judy Hobdy is DISMISSED.

08      (4)    Plaintiff alleges in his amended complaint that Reed Holtgeerts, Director of the

09  King County Correctional Facility, has personally acted with deliberate indifference to plaintiff's

10  medical condition.  (Doc. #8 at 1).  Therefore, plaintiff has corrected the deficiency in his original

11  complaint and has alleged a valid claim against Director Holtgeerts.

12      (5)    <u>Service by Clerk</u>.

13      The Clerk is directed to send the following to the remaining defendants – Reed Holtgeerts

14  and Gary Kelly – by first class mail: copies of the complaint (Doc. #6), the amended complaint

15  (Dkt. #8), and of this Order, two copies of the Notice of Lawsuit and Request for Waiver of

16  Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid,

17  addressed to the Clerk's office.  The Clerk shall also send a copy of the amended complaint and

18  of this Order to the King County Prosecutor's Office by first class mail.

19      (6)    <u>Response Required</u>.

20      Defendants shall have **thirty (30) days** within which to return the enclosed Waiver of

21  Service of Summons.  If a defendant timely returns the signed Waiver, the defendant shall have

22  **sixty (60) days** after the date designated on the Notice of Lawsuit to file and serve an answer to

23  the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

24      If a defendant fails to timely return the signed Waiver, he will be personally served with

25  a summons and complaint, and may be required to pay the full costs of such service, pursuant to

26  Rule 4(d)(2).  A defendant who has been personally served shall file an answer or motion

01 permitted under Rule 12 within **thirty (30) days** after service.

02        (7)   <u>Filing and Service by Parties, Generally</u>

03      All attorneys admitted to practice before this Court are required to file documents

04 electronically via the Court's CM/ECF system.  Additionally, any document filed with the Court

05 must be accompanied by proof that it has been served upon all parties that have entered a notice

06 of appearance in the underlying matter. Counsel are directed to the Court's website –

07 <u>www.wawd.uscourts.gov</u> – for a detailed description of the requirements for filing via CM/ECF.

08      All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper

09 original of any document for the Court's consideration.  A party filing a paper original does not

10 need to file a chambers copy.  <u>All filings, whether filed electronically or in traditional paper format,</u>

11 <u>must indicate in the upper right hand corner the name of the Magistrate Judge to whom the</u>

12 <u>document is directed.</u>

13        (8)   <u>Motions</u>.

14      Any request for court action shall be set forth in a motion, properly filed and served. Any

15 document filed with the Court must be accompanied by proof that it has been served upon all

16 parties that have entered a notice of appearance in the underlying matter. The argument in support

17 of the motion shall not be made in a separate document but shall be submitted as part of the

18 motion itself.  The motion shall include in its caption (immediately below the title of the motion)

19 the date the motion is to be noted for consideration upon the court's calendar.  That date, and

20 deadlines for filing an opposition to the motion and a reply, depend upon the nature of the motion

21 and are governed by rule CR 7(d), which is summarized below.

22      The following motions shall be noted for consideration on the day they are filed, pursuant

23 to local rule CR 7(d)(1):  Stipulated and agreed motions, motions to file overlength motions or

24 briefs, motions for reconsideration, joint submissions pursuant to the optional procedure

25 established in CR 37(a)(2)(B), motions for default, requests for the clerk to enter default

26 judgment, and motions for the court to enter default judgment where the opposing party has not

ORDER DISMISSING CERTAIN DEFENDANTS AND
SERVING OTHERS WITH COMPLAINT IN §1983 ACTION
PAGE -3

01   appeared. **All other non-dispositive motions** shall be noted for consideration no earlier than the

02   third Friday following filing and service of the motion. *See* Local Rule CR 7(d)(3)(2005). **All**

03   **dispositive motions** shall be noted for consideration no earlier than the fourth Friday following

04   filing and service of the motion. (*Id.*)

05        No opposition need be filed to the motions specifically identified in the first sentence of

06   the preceding paragraph. Briefs and affidavits in opposition to any other motion shall be filed and

07   served not later than 4:30 p.m. on the Monday immediately preceding the date designated for

08   consideration of the motion. If a party fails to file and serve timely an opposition to a motion, the

09   court may deem any opposition to be without merit. *See* Local Rule CR 7(b)(2) (2005). Any

10   reply papers shall be filed and served no later than the noting date. *See* Local Rule CR 7(d)(3)

11   (2005).

12        (9)    Direct Communications with District Judge or Magistrate Judge

13        No direct communication is to take place with the District Judge or Magistrate Judge with

14   regard to this case. All relevant information and papers are to be directed to the Clerk.

15        (10)   Copies of Order

16        The Clerk is directed to send a copy of this Order and of the General Order to plaintiff and

17   a copy of this Order to the Honorable Mary Alice Theiler.

18        DATED this 14th day of September, 2005.

19

20

21                                 Thomas S. Zilly

22                                 United States District Judge

23   Recommended for Entry

24   this  12th  day of September, 2005.

25

26   s/ Mary Alice Theiler

    United States Magistrate Judge

ORDER DISMISSING CERTAIN DEFENDANTS AND
SERVING OTHERS WITH COMPLAINT IN §1983 ACTION
PAGE -4